SAMUEL, Judge.
This is an action in breach of warranty for partial eviction from immovable property. The facts were stipulated and are not in dispute.
During the year 1929 John C. Dodt, Jr. became the owner of several portions of land in the Parish of Jefferson. On October 13, 1939 his property was adjudicated to the State of Louisiana for unpaid 1938 taxes and that tax sale was duly registered on the same day. Subsequently, on March 3, 1954, the state granted a right of way .deed to the Police Jury of Jefferson Parish for location, construction and maintenance of Veterans Memorial Highway. Included in this right of way grant were Lot No. 5 and part of Lot No. 6, Square 32, Section D, Lake Villa Subdivision, Parish of Jefferson, which the State had acquired by virtue of the tax adjudication of the Dodt property. The right of way deed was duly registered on March 16, 1954.
On March 17, 1954 the state issued a certificate of redemption, in the name of John C. Dodt, Jr., covering the property previously adjudicated to the state for unpaid 1938 taxes. The certificate recites the redemption was made subject to the right of way granted by the state to the Jefferson Parish Policy Jury over the aforesaid Lot 5 and a portion of Lot 6 and further states the date of the grant and the book and folio of its registration.
By act dated March 18, 1954, which act was duly registered on March 21, 1954, the heirs of John C. Dodt, Jr., conveyed to the defendant, Asset Realization Co., Inc., certain real estate which included said Lots 5 and 6. On April 27, 1954 Asset sold the same two lots, and others, to Mary Vickers Cocke. The sale was made with full warranty of title. Mrs. Cocke was not aware of any defect in the title to Lots 5 and 6 and was under the impression she had received in full ownership the entire property purchased from Asset. She had no knowledge the proposed highway, then under construction, involved her property.
In due course, pursuant to the right of way granted by the state to the Jefferson Parish Police Jury, Veterans Memorial Highway was constructed on the aforesaid Lot 5 and a portion of Lot 6. On the basis of having been partially evicted from the land she had purchased, Mrs. Cocke made demand upon Lawyer’s Title Insurance Company under a title insurance policy issued to her by that company. In settlement of her claim Mrs. Cocke was paid the sum' of $2,444.75, which was determined to be the amount of her loss. Lawyer’s Title was reimbursed by Lawyers Abstract Company, which in turn was reimbursed by its insurer, St. Paul Fire & Marine Insurance Company.
By means of various sales and ancillary agreements St. Paul Fire became the registered owner of the property and filed this suit seeking reimbursement in the amount of $2,444.75 from Mrs. Cocke’s vendor, Asset, on the basis of her eviction in breach of Asset’s warranty. Asset answered, denying liability, and filed a third-party demand against the Parish Council for the Parish of Jefferson seeking judgment against the Parish Council in the amount of any judgment which might be rendered against Asset on the main demand.
After trial there was judgment, on the main demand, in favor of St. Paul Fire and against Asset in the amount prayed and judgment, on the third-party demand, in favor of the Parish Council and against Asset, rejecting the third-party demand. Asset has appealed.
In this court Asset concedes the judgment rendered against it in favor of St. Paul Fire is correct. It contends only that, as third-party plaintiff, it is entitled to a judgment in the same amount on its third- *716 party demand against the Jefferson Parish Council. Appellant argues: under the provisions of LSA-R.S. 47:2224[1], particularly in view of the fact that at the time of its redemption in the name of Dodt title to the property was in the state or, with reference to the right of way grant, in both the state and in one of the state’s political subdivisions, the Parish of Jefferson, the redemption acts as a full and complete redemption of all of the Dodt property adjudicated to the state, including the two lots in suit, resulting in all of that property being returned to the name of the tax debtor in full ownership.
In reply, counsel for the parish argue the controlling statutory law is found in LSA-R.S. 41:91, 92, 94, 1171 and 1172, under which the state had full authority to grant the right of way to the parish and the redemption properly was made subject to that grant.
We find it unnecessary to consider the above arguments for the reason that we do not reach the issue therein presented. In this suit Asset’s rights under their acquisition from the Dodt heirs must be determined only by what the certificate of redemption actually recites, that it was subject to the right of way servitude, and not by what Asset urges the redemption should accomplish, return of the adjudicated property to the name of the tax debtor in full ownership.
When Asset purchased the property from the heirs of Dodt it was burdened by the right of way servitude granted to the Parish of Jefferson. Thus Asset’s title to the two lots in suit is subject to that servitude. Unless and until its title is in fact relieved of the burden of the servitude by a valid change to that effect in the certificate of redemption, and the same cannot be accomplished in this suit, Asset cannot successfully make its third-party demand against the Parish of Jefferson.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Inter alia, LSA-R.S. 47:2224 provides:
“ * * * any lots or lands bid in for and adjudicated to the state, as long as the title thereto is in the state or in any of its political subdivisions, * * may be redeemed upon payment as therein required.